## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SOFIA DIONYSOPOULOU,**

      **Petitioner,**

**v.**                                **CASE NO. 8:10-CV-2805-T-27MAP**

**CONSTANTINOS PAPADOULIS,**

      **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** is an Emergency Petition for Warrant of Arrest in Lieu of Writ of Habeas Corpus. Based on the Verified Amended Petition for Return of Children to the Nation of Greece, the Emergency Petition for Warrant of Arrest in Lieu of Writ of Habeas Corpus and argument and evidence presented at the December 20, 2010 *ex parte* hearing, a temporary order was entered prohibiting removal of the children from the Tampa Division of this court, directing the surrender of Respondent's and the children's passports, directing Respondent to appear at an preliminary evidentiary hearing scheduled for that afternoon, directing the arrest of the minor children and directing the Untied States Marshal to place the children in the custody of Petitioner. (Dkt. 10).

The order was served on Respondent and executed on December 20, 2010. The children were placed in the custody of Petitioner. The parties appeared with counsel that afternoon for the preliminary evidentiary hearing. Testimony of Petitioner was received and the hearing adjourned to enable Respondent's counsel to prepare. The Court, with consent of the parties and the assistance

of the interpreter, interviewed the children, ages 10 and 8, in the presence of counsel and court staff.[1] On oral motion of Respondent, the hearing was continued to December 23, 2010. Based on the testimony and evidence presented, the Court finds that the temporary order shall convert to a preliminary injunction, which shall remain in effect pending a final hearing on the merits of Petitioner's Hague Convention petition.

## Findings and Conclusions

Petitioner filed this Hague Convention proceeding, alleging that her husband, Respondent herein, wrongfully removed their two minor children, K.P., age eight, and J.P., age nine, from their habitual place of residence in Greece to this District. Petitioner seeks the immediate return of the minor children under the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610 ("ICARA"). The material facts concerning the removal of the children from Greece are largely undisputed.

Petitioner and Respondent separated on October 9, 2009. Petitioner thereafter filed a petition seeking custody, use of the marital home and support from Respondent in the Athens, Greece court. Respondent filed a counter-petition seeking the same relief. After evidentiary hearings, the Greek court entered a written order on December 29, 2009, granting Petitioner provisional custody of the children and awarding limited visitation rights to Respondent. (Petitioner's Exh. 2, 4). According to Respondent, he sought review and reconsideration of the order but was unsuccessful. The order

---

[1] Based on the tender ages of the children, their responses to the Court's questions, and their demeanor, the Court exercises its discretion not to consider their expressed preferences in resolving the merits of the parties' dispute. It is apparent that the children have been affected by the traumatic circumstances leading to the separation of their parents and the events leading to this proceeding. It is likewise apparent that they have been influenced by one or both parties, such that their testimony would not assist the Court.

has not been vacated or modified and remains in full force and effect.[2]

Respondent admits that in violation of the custody order, on April 1, 2010, he failed to return the children to Petitioner after his visitation and removed the children from Greece to the United States without warning, notice, or permission from Petitioner or the Greek court. He enrolled the children in school in Pinellas County and intends to raise them in the United States. He further admits that he has concealed the location of the children from his wife and the Greek court. Further, there is compelling evidence that Respondent contacted the Greek consulate and made inquiry about obtaining replacement passports for the children, claiming that they were lost, although he well knew that the passports had been seized by the United States Marshal pursuant to the temporary order. Respondent was served with the temporary order on December 20, 2010, appeared in court that afternoon with counsel, and was present when the court staff confirmed on the record that the United States Marshal had secured the children's passports and that they had been deposited with the Clerk. Respondent's testimony that he believed the passports to have been lost is not credible, and his actions suggest that he has intentions of removing the children from the Court's jurisdiction in violation of the temporary order, if the opportunity presents itself.

It is undisputed that the children were born in Greece and have resided in Greece with their parents until they were removed by Respondent in April. At that time, Petitioner was exercising custodial rights under Greek law pursuant to the custody order entered by the Athens court. It is likewise undisputed that Greece was the habitual country of residence of both children when they

---

[2] In their testimony, the parties have made cross allegations of abusive conduct toward the children and each other, as well as other untoward conduct relating to their marital discord, all of which was denied by the accused parent. These matters were presented to the Greek court through testimony and written filings before the provisional custody order was rendered.

were removed by Respondent. The children, from all indications, were wrongfully removed from Greece by Respondent.

### Discussion

ICARA establishes legal rights and procedures to return wrongfully-removed children to their country of habitual residence. 42 U.S.C. § 11601. ICARA authorizes a court to "take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a). Such relief is analogous to a temporary restraining order, *see In re McCullough*, 4 F. Supp. 2d 411, 415 (W.D. Pa. 1998), and therefore a petitioner must show that:

1. There is a substantial likelihood that the moving party will prevail on the merits;

2. The moving party will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to the moving party outweighs the threatened harm the proposed injunction may cause the opposing party; and

4. The injunction, if issued, would not be adverse to the public interest.

*See Haitian Refugee Center. Inc. v. Baker*, 949 F.2d 1109, 1110 (11th Cir. 1991).

The evidence establishes that there is a substantial likelihood that Petitioner will prevail on the merits. Petitioner would suffer irreparable injury if Respondent is not enjoined from contacting the children and interfering with Petitioner's custody of the children, including the prospect that Respondent is likely to flee the jurisdiction of this Court with the minor children. The threatened injury of Petitioner's loss of contact with her minor children outweighs any harm the temporary injunction may have on Respondent, considering his actions. Further, the injunction is not adverse

4

to the public interest. Accordingly, a provisional remedy by way of preliminary injunction is appropriate under 42 U.S.C. § 11604(a).

Petitioner should have custody of the children pending a final adjudication of the merits of her ICARA Petition. This provisional remedy satisfies "the applicable requirements of State law." 42 U.S.C. § 11604(b). Based on the testimony and evidence presented, the children are likely at risk of imminent removal from the state by Respondent. Petitioner's application satisfies the requirements of Fla. Stat. § 61.534.

### Conclusion

Accordingly, it is **ORDERED**:

1.    Petitioner, **SOFIA DIONYSOPOULOU,** shall have full and exclusive custody of the minor children of the parties,  Ioannis Papadoulis and Kleopatra Papadoulis, pending a final hearing and resolution of the petition filed herein.

2.    Petitioner shall maintain and reside with the minor children at the location disclosed to the Court at the December 20, 2010 *ex parte* hearing. Petitioner and all counsel shall not disclose the location of the children to Respondent or any other person. Petitioner may not change that location without o btaining authority of this Court. The minor children are not to be removed from Hillsborough County, Florida without a written order of this Court.

3.    Respondent, **CONSTANTINOS PAPADOULIS,** his attorney, associates and agents acting on his behalf, are enjoined from contacting Petitioner or the minor children of the parties except through Petitioner's counsel or after having obtained court authority by written order.

4.    All provisions of the December 20, 2010 temporary order shall remain in full force and effect, and are incorporated herein by reference.

A final hearing on the Verified Amended Petition for Return of Children to the Nation of Greece will be held on **Tuesday, December 28, 2010 at 9:00 a.m.** in Courtroom 13B of the United States Courthouse, 801 North Florida Avenue, Tampa, Florida. **Petitioner, Respondent, and the parties' minor children, J.P. and K.P., shall be present at the hearing.** Petitioner's counsel shall arrange for a Greek interpreter to be present st the final hearing.

   **Respondent shall file his answer and defenses to the petition by 12:00 p.m., Monday, December 27, 2010.**

   **DONE AND ORDERED** this ___23ʳᵈ___ day of December, 2010.

                                    _____  1:08 p.m.
                                    **JAMES D. WHITTEMORE**
                                    **United States District Judge**

Copies to:
Counsel of Record

6