UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOFIA DIONYSOPOULOU,

    Petitioner,

v.                                             CASE NO. 8:10-CV-2805-T-27MAP

CONSTANTINOS PAPADOULIS,

    Respondent.
_____/

## ORDER ON PETITION FOR RETURN OF CHILDREN

**BEFORE THE COURT** is a Verified Amended Petition for Return of Children to the Nation of Greece (Dkt. 4). The petition is brought pursuant to the Convention on the Civil Aspects of International Child Abduction, known as the "Hague Convention," which is embodied in the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 11603. The petition is timely.

### Introduction

Petitioner, a citizen and resident of Greece, seeks the return of her minor children, K.P. and J.P., to Greece. The Amended Petition alleges that the children were wrongfully removed from Greece to the United States by Respondent, who is Petitioner's husband and the children's father.

### Procedural Background

Under the Convention, the "judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children." Hague Convention, Art. 11. In accordance with this mandate, the Court conducted several hearings in this matter between December 20, 2010 and December 28, 2010.

Following an *ex parte* hearing on December 20, 2010, a temporary order was entered

prohibiting removal of the children from the Tampa Division of this court, directing the surrender of Respondent's and the children's passports, directing Respondent to appear at a preliminary evidentiary hearing scheduled for that afternoon, directing the arrest of the minor children and directing the United States Marshal to place the children in the custody of Petitioner. (Dkt. 10). The order was served on Respondent and executed on December 20, 2010.

The parties appeared with counsel that afternoon for a preliminary evidentiary hearing. Testimony of Petitioner was received, and the hearing was adjourned to enable Respondent's counsel to prepare. The Court, with consent of the parties and the assistance of the interpreter, interviewed the children, ages 10 and 8, in the presence of counsel and court staff. On oral motion of Respondent, the hearing was continued to December 23, 2010.

The Court received testimony from both parties at the December 23, 2010 evidentiary hearing. Based on the testimony received at both hearings, the Court converted the temporary order to a preliminary injunction.

A final evidentiary hearing was scheduled for December 28, 2010. Respondent was directed to file an answer and affirmative defenses by no later than 12:00 p.m. on December 27, 2010. No answer or affirmative defenses were filed.

At the final evidentiary hearing, Respondent, through counsel, informed the Court that the Petition was no longer contested.

### The Hague Convention, as Implemented by
### 42 U.S.C. § 11601-11610, International Child Abduction Remedies Act

The purpose of ICARA is "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." *Hanley v. Roy*, 485

F.3d 641, 644 (11th Cir. 2007) (quoting Hague Convention, preamble). "The Convention generally intends to restore the pre-abduction status quo and deter parents from crossing borders in search of a more sympathetic court for custody hearings." *Id.* This Court's inquiry is therefore "limited to the merits of the abduction claim and not the merits of the underlying custody battle." *Ruiz v. Tenorio*, 392 F.3d 1247, 1250 (11th Cir. 2004); 42 U.S.C. § 11601(b)(4).

To prevail on her claim for relief under the Hague Convention and ICARA, Petitioner must establish by a preponderance of the evidence that K.P. and J.P. were "wrongfully removed or retained within the meaning of the Convention." 42 U.S.C. §§ 11603(e)(1)(A). Accordingly, Petitioner must demonstrate that: (1) K.P. and J.P. were "habitually resident" in Greece at the time they were removed to the United States, (2) the removal was in breach of Petitioner's custody rights under Greek law, and (3) Petitioner had been exercising her custody rights at the time of the removal. *Ruiz*, 392 F.3d at 1251 (citing Hague Convention, Art. 3). Upon a finding of wrongful removal, the child is to be "promptly returned unless one of the narrow exceptions set forth in the Convention applies." 42 U.S.C. §§ 11601(a)(4).

### Findings and Conclusions

The facts surrounding Respondent's removal of the children from Greece are largely undisputed. Petitioner and Respondent separated on October 9, 2009. Petitioner thereafter filed a petition seeking custody, use of the marital home and support from Respondent in a court in Athens, Greece. Respondent filed a counter-petition seeking the same relief. After evidentiary hearings, the Greek court entered a written order on December 29, 2009, granting Petitioner provisional custody of the children and awarding limited visitation rights to Respondent. (Petitioner's Exh. 2, 4). According to Respondent, he sought review and reconsideration of the order but was unsuccessful. The order has not been vacated or modified and remains in full force and effect.

Respondent admits that in violation of the custody order, on April 1, 2010, he failed to return the children to Petitioner after his visitation and removed the children from Greece to the United States without warning, notice, or permission from Petitioner or the Greek court. He enrolled the children in school in Pinellas County, Florida and intends to raise them in the United States. He further admits that he has concealed the location of the children from his wife and the Greek court.

It is undisputed that the children were born in Greece and have resided in Greece with their parents until they were removed by Respondent in April. At that time, Petitioner was exercising custodial rights under Greek law pursuant to the custody order entered by the Athens court. It is likewise undisputed that Greece was the habitual country of residence of both children when they were removed by Respondent. The children, from all indications, were wrongfully removed from Greece by Respondent.

Therefore, absent one of the Convention's "narrow exceptions," the children must be "promptly returned" to Greece. 42 U.S.C. §§ 11601(a)(4). Respondent did not raise any of the Convention's exceptions in an answer or affirmative defenses, and he no longer contests removal. Although Respondent did reference two potential defenses at one of the preliminary hearings, neither would afford a sufficient basis to persuade the Court to exercise its discretion to preclude the return of the children to Greece.[1] *See Baran v. Beaty*, 526 F.3d 1340, 1345 (11th Cir. 2008) (where defense is proven, the court has discretion not to order return).

---

[1] Respondent argued earlier in the proceeding that discovery was required to support his defenses. However, this action "involves a petition under a unique treaty and its implementing legislation, neither of which expressly requires a hearing or discovery." *March v. Levine*, 249 F.3d 462, 474 (6th Cir. 2001). In keeping with the mandate to expedite ICARA petitions, the Court, in its discretion, denied Respondent's request for discovery. *See id.*; Hague Convention, Art. 11. For the reasons discussed in this order, the Court was not persuaded that the requested discovery would establish a sufficient basis to deny the Petition.

The first exception Respondent referenced was based on Article 13 of the Convention, which provides: "The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views." From interviewing J.P. and K.P., it was apparent that the children have been affected by the traumatic circumstances leading to the separation of their parents and the events leading to this proceeding. It was likewise apparent that they have been influenced by one or both parties, such that their testimony would not assist the Court. Accordingly, based on the tender ages of the children, their responses to the Court's questions, and their demeanor, the Court determined that the children had not attained an age or degree of maturity at which it would be appropriate to take account of their views.

The second exception Respondent referenced was based on Article 13(b) of the Hague Convention, which provides that the child need not be returned "if the person ... wh[o] opposes its return establishes that ... there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." In their testimony, the parties made cross allegations of abusive conduct toward the children and each other, as well as other untoward conduct relating to their marital discord, all of which was denied by the accused parent. Respondent, however, has not shown by clear and convincing evidence that the children would be exposed to physical or psychological harm or would otherwise be placed in an intolerable situation if they were returned to Greece. *See* 42 U.S.C. § 11603(e)(2)(A) (Article 13(b) defense must be proved by clear and convincing evidence).

Further, as both parties admitted, these matters were already presented to the Greek court through testimony and written filings before the provisional custody order was rendered. In entering the thorough and well-reasoned provisional custody order, the Greek court had before it the

allegations of abusive conduct that the parties now raise. The Greek court was careful not to disparage either parent or elaborate on the accusations of misconduct. The Greek court appropriately chose not to take a side and, instead, focused on the best interests of the children. There is no reason that deference should not be given to the Greek court's provisional custody order under principles of comity.

## Conclusion

Accordingly, for the reasons stated above and in open court following the hearings on December 23 and 28, 2010, which are incorporated herein, it is **ORDERED** that:

1. Petitioner Sofia Dionysopoulou's Verified Amended Petition (Dkt. 4) is **GRANTED**, to the extent that Petitioner shall return the parties' minor children, J.P. and K.P., to Athens, Greece within ten (10) days of the date of this Order.

2. Petitioner shall promptly file an application for the return of her passport and the passports of J.P. and K.P. Respondent may file an application for the return of his passport after the children have departed the United States.

3. Petitioner's counsel shall electronically advise the Court of the status of the arrangements for returning the children to Greece by no later than 9:30 a.m. on Friday, December 31, 2010. The particulars of the travel arrangements shall not be disclosed.

4. Within seven (7) days of the children's return to Greece, Petitioner shall certify that she has complied with the terms of this order.

5. The provisions of the preliminary injunction (Dkt. 17) shall remain in effect until the children have been returned to Greece.

6. Petitioner shall immediately contact and inform the appropriate authorities in Greece of the contents of this order.

7. Jurisdiction is reserved to impose undertakings and further conditions for removal, if necessary to effect the terms hereof, and to award expenses and fees pursuant to 42 U.S.C. § 11607.

8. The court is appreciative of the professionalism exhibited by counsel for the parties and their efforts on behalf of their respective clients as well as on behalf of K.P. and J.P., whose best interests should be paramount.

It is further **ORDERED** that:

The United States Marshal and any federal, state, or local law enforcement officers are authorized and directed to assist Petitioner in carrying out the provisions of this order.

The Clerk is directed to close this case and deny any pending motions as moot.

**DONE AND ORDERED** this 28th day of December, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record



A H 1 9 5 8 3 3 1

Η σελίδα προορίζεται για τις Αρχές που είναι αρμόδιες για την έκδοση του διαβατηρίου ·
Page reservée pour les autorités compétentes pour délivrer le passeport · Page reserved for Issuing Authorities ·
Určeno pro orgány, zodpovědné za vydání pasu · Amtliche Vermerke · Forbeholdt de Pasudstedende
Myndigheder · Märkused · Página reservada a las autoridades competentes para expedir el pasaporte ·
Varattu Passin myöntäville viranomaisille · Az útlevelet kiállító illetékes szervek részére · Tagairt · Pagina
riservata alle Autorità · Puslapis rezervuotas pasą išdavusioms tarnyboms · Šī lapa rezervēta izdevējiestādei ·
Il-Paġna Hija Riservata Għall-Awtoritajiet · Opmerkingen Van Bevoegde Instanties · Przeznaczona dla
władz kompetentnych do wydania paszportu · Pagina reservada as entidades competentes para emitir
o passaporte · Myndighets noteringar · Namenjeno pooblaščenemu izdajatelju potnega lista ·
Určené pre orgány, zodpovedné za vydanie pasu.

*[signature]*

⑪ ΥΠΟΓΡΑΦΗ ΚΑΤΟΧΟΥ · SIGNATURE OF BEARER · SIGNATURE DU TITULAIRE



HELLAS

| | Τύπος/Type | Χώρα/Country | Αρ. Διαβατηρίου/Passport No. |
|---|---|---|---|
| PASSPORT | P | ΕΛΛ/GRC | AH1958331 |

1. Επώνυμο/Surname
   ΔΙΟΝΥΣΟΠΟΥΛΟΥ
   DIONYSOPOULOU
2. Όνομα/Name
   ΣΟΦΙΑ
   SOFIA
3. Ιθαγένεια/Nationality: ΕΛΛΗΝΙΚΗ / HELLENIC
4. Φύλο/Sex: F
5. Ημ. γέννησης/Date of birth: 01 Aug 77
6. Τόπος γέννησης:
   Place of birth: ΠΕΙΡΑΙΑΣ
   PEIRAIAS    GRC
7. Ημ. έκδοσης/Iss. date: 02 Jul 10
8. Ημ. λήξης/Date of expiry: 01 Jul 15
9. Εκδ. Αρχή/Iss. office: Α.Ε.Α./Δ.Δ.- N.P.C.    10. Ύψος/Height: 1,74

P<GRCDIONYSOPOULOU<<SOFIA<<<<<<<<<<<<<<<<<<<
AH19583319GRC7708017F1507012<<<<<<<<<<<<<<00

AZ0146506

Η σελίδα ηροορίζεται για τις Αρχές που είναι αρμόδιες για την έκδοση του διαβατηρίου - Page reservee pour les autorités compétentes pour délivrer le passeport - Page reserved for issuing Authorities - Urceno pro orgány, zodpovědné za vydání pasu - Amtliche Vermerke - Forbeholdt de Pasudstedende Myndigheder - Mark used - Página reservada a las autoridades competentes para expedir el pasaporte - Varattu Passin myöntäville viranomaisille - Az útlevelet kiállító illetékes szervek részére - Tagairti - Pagina riservata alle Autorità - Puslapis rezervuotas pasą išdavusioms tarnyboms - Šī lapa rezervēta izdevējiestādei - Il-Paġna hija Riservata Għall-Awtoritajiet - Opmerkingen Van Bevoegde Instanties - Przeznaczona dla władz kompetentnych do wydania paszportu - Página reservada às entidades competentes para emitir o passaporte - Myndighets noteringar - Namenjeno pooblaščenemu izdajatelju potnega lista - Určené pre orgány, zodpovedné za vydanie pasu.

ΙΩΝ. Ι. ΠΑΠΑΔΟΥΛΗΣ
ΥΠΟΓΡΑΦΗ ΚΑΤΟΧΟΥ - SIGNATURE OF BEARER - SIGNATURE DU TITULAIRE

HELLAS



**PASSPORT**

Τύπος/Type: **P**  
Χώρα/Country: **ΕΛΛ/GRC**  
Αρ. Διαβατηρίου/Passport No. **AZ0146506**

1. Επώνυμο/Surname: **ΠΑΠΑΔΟΥΛΗΣ / PAPADOULIS**
2. Όνομα/Name: **ΙΩΑΝΝΗΣ / IOANNIS**
3. Ιθαγένεια/Nationality: **ΕΛΛΗΝΙΚΗ / HELLENIC**
4. Φύλο/Sex: **M**
5. Ημ. γέννησης/Date of birth: **21 Dec 00**
6. Τόπος γέννησης / Place of birth: **ΑΘΗΝΑ / ATHINA   GRC**
7. Ημ. έκδοσης/Iss. date: **23 Mar 10**
8. Ημ. λήξης/Date of expiry: **22 Mar 13**
9. Εκδ. Αρχή/Iss. office: **Α.Ε.Α./Δ.Δ.- N.P.C.**   10. Ύψος/Height: **1,58**

```
P<GRCPAPADOULIS<<IOANNIS<<<<<<<<<<<<<<<<<<<<<
AZ01465061GRC0012212M1303225<<<<<<<<<<<<<<06
```

AZ0146416

Η σελίδα προορίζεται για τις Αρχές που είναι αρμόδιες για την έκδοση του διαβατηρίου - Page reservee pour les autorites competentes pour delivrer le passeport - Page reserved for Issuing Authorities - Určeno pro orgány, zodpovědné za vydání pasu - Amtliche Vermerke - Forbeholdt de Pasudstedende Myndigheder - Markusaa - Pagina reservada a las autoridades competentes para expedir el pasaporte - Varattu Passin myöntäville viranomaisille - Az útlevelet kiállító illetékes szervek részére - Tagairti - Pagina riservata alle Autorità - Puslapis rezervuojas pasą išdavusioms tarnyboms - Sliapa rezervata Izdevējiestādei - Il-Pagna Hija Riservata Ghall-Awtoritajiet - Opmerkingen Van Bevoegde Instanties - Przeznaczona dla wladz kompetentnych do wydania paszportu - Página reservada as entidades competentes para emitir o passaporte - Myndighets noteringar - Namenjeno pooblaščenemu izdajatelju potnega lista - Určené pre orgány, zodpovedné za vydanie pasu.

κ=Ν. Ι. ΠΑΠΑΔΟΥΛΗΣ

(11) ΥΠΟΓΡΑΦΗ ΚΑΤΟΧΟΥ - SIGNATURE OF BEARER - SIGNATURE DU TITULAIRE

HELLAS

PASSPORT

Τύπος/Type: **P**
Χώρα/Country: **ΕΛΛ/GRC**
Αρ. Διαβατηρίου/Passport No: **AZ0146416**

1. Επώνυμο/Surname: **ΠΑΠΑΔΟΥΛΗ / PAPADOULI**
2. Όνομα/Name: **ΚΛΕΟΠΑΤΡΑ / KLEOPATRA**
3. Ιθαγένεια/Nationality: **ΕΛΛΗΝΙΚΗ / HELLENIC**
4. Φύλο/Sex: **F**
5. Ημ. γέννησης/Date of birth: **06 Nov 02**
6. Τόπος γέννησης/Place of birth: **ΑΘΗΝΑ / ATHINA    GRC**
7. Ημ. έκδοσης/Iss. date: **23 Mar 10**
8. Ημ. λήξης/Date of expiry: **22 Mar 13**
9. Εκδ. Αρχή/Iss. office: **A.E.A./Δ.Δ.- N.P.C.**
10. Ύψος/Height: **1,35**

P<GRCPAPADOULI<<KLEOPATRA<<<<<<<<<<<<<<<<<<<<
AZ01464167GRC0211060F1303225<<<<<<<<<<<<<<00